1  Garrett V. Jensen, State Bar No. 242874
   gjensen@cdflaborlaw.com
2  Kim Carter, State Bar No. 283212
   kcarter@cdflaborlaw.com
3  CAROTHERS DISANTE & FREUDENBERGER LLP
   2600 Michelson Drive, Suite 800
4  Irvine, California 92612
   Telephone: (949) 622-1661
5  Facsimile: (949) 622-1669

6  David L. Woodard, North Carolina State Bar No. 19343
   dwoodard@poynerspruill.com
7  POYNER SPRUILL LLP
   301 Fayetteville Street, Suite 1900
8  Raleigh, North Carolina 27601
   Telephone: (919) 783-6400
9  Facsimile: (919) 783-1075

10 Attorneys for Defendant
   G. I. TRUCKING COMPANY dba ESTES WEST

11

12                   **UNITED STATES DISTRICT COURT**

13                 **SOUTHERN DISTRICT OF CALIFORNIA**

14

15 JOEL CHERRY, an individual,          ) Case No. **'15CV0466 JLS  BGS**
                                        )
16            Plaintiff,                ) **[Removed from San Diego County**
                                        ) **Superior Court, Case No. 37-2015-**
17     vs.                              ) **00003048-CU-WT-CTL]**
                                        )
18 G. I. TRUCKING COMPANY dba           ) **DEFENDANT G.I. TRUCKING**
   ESTES WEST, a California Corporation;) **COMPANY DBA ESTES WEST'S**
19 and DOES 1-50, inclusive,            ) **NOTICE OF REMOVAL OF**
                                        ) **CIVIL ACTION UNDER BASED**
20            Defendant.                ) **ON FEDERAL QUESTION**
                                        ) **JURISDICTION PURSUANT TO**
21                                      ) **28 U.S.C. §§ 1331 and 1441**
                                        )
22 _____  )

23

24

25

26                  # EXHIBIT A

27

28
                                        _____
                                        NOTICE OF REMOVAL OF ACTION UNDER
CAROTHERS DiSANTE &                      28 U.S.C. §§ 1331 and 1441 (FEDERAL
FREUDENBERGER LLP                                           QUESTION)

904482.1

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

G. I. TRUCKING COMPANY DBA ESTES WEST, a California
Corporation; and DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOEL CHERRY, an individual.

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/28/2015** at 08:00:00 AM

Clerk of the Superior Court
By Rhonda Babers, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Hall of Justice<br>330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>37-2015-00003048-CU-WT-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matt Blum, Esq., The Law Office of Matt Blum, 550 West C St., Suite. 1850, SD, CA 92101, 860-271-6273

| DATE: **01/28/2015**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* R. Babers | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* G.I. Trucking Company dBA Estes West

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/28/2015** at 08:00:00 AM

Clerk of the Superior Court
By Rhonda Babers, Deputy Clerk

1  Matt Blum, Esq. SBN: 285944
The Law Office of Matt Blum
2  550 West "C" Street, Suite 1850
San Diego, CA 92101
3  Tel: 860-271-6273
Fax: 619-238-1351
4  mblumlaw@gmail.com

5

Attorney for Joel Cherry, Plaintiff

6

7  **SUPERIOR COURT OF SAN DIEGO – CENTRAL DIVISION**

37-2015-00003048-CU-WT-CTL

8

9  **JOEL CHERRY,** an individual,               UNLIMITED JURISDICTION

10                    Plaintiff,               **COMPLAINT FOR DAMAGES**

11           vs.                               **1. DISABILITY DISCRIMINATION IN
                                               VIOLATION OF CALIFORNIA
                                               GOVERNMENT CODE § 12940(a)**

12  **G. I. TRUCKING COMPANY DBA ESTES
WEST,** a California Corporation; and **DOES 1-50,**    **2. FAILURE TO ACCOMMODATE IN
13  **Inclusive,**                            VIOLATION OF CALIFORNIA
                                               GOVERNMENT CODE § 12940(m)**

14                    Defendants.             **3. FAILURE TO ENGAGE IN THE
15                                             INTERACTIVE PROCESSS IN
                                               VIOLATION OF CALIFORNIA
16                                             GOVERNMENT CODE § 12940(n)**

17                                            **4. FAILURE TO REINSTATE IN
18                                             VIOLATION OF THE FAMILY
                                               MEDICAL LEAVE ACT § 104 *ET SEQ***

19                                            **5. DISCRIMINATION/RETALIATION IN
                                               VIOLATION OF THE FAMILY
50                                             MEDICAL LEAVE ACT § 105 *ET SEQ***

21                                            **6. WRONGFUL TERMINATION IN
22                                             VIOLATION OF PUBLIC POLICY**

23

24

25

26  WHEREFORE Joel Cherry (hereinafter referred to as "Plaintiff") alleges the following based on

27  information and belief:

28

1

**COMPLAINT FOR DAMAGES**

**PARTIES**

1.   Plaintiff now and at all times mentioned in this Complaint was an individual residing in the County of San Diego.

2.   G. I. Trucking Company DBA Estes West (hereinafter referred to as "Defendant") is now and at all times mentioned in this Complaint was a California corporation.

**JURISDICTION AND VENUE**

3.   The underlying events in this matter occurred at the address of 120 Press Lane, Chula Vista, CA 91910. While this matter would normally be filed in the South Division, all civil cases have now been consolidated to the Central Division. This matter is properly filed as an unlimited case in that the amount in controversy exceeds $25,000.00.

**DOE ALLEGATIONS**

4.   Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those Defendants was in some manner intentionally, negligently and/or proximately responsible for the events and happenings alleged in this Complaint and for Plaintiff's injuries and damages.

**RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY**

5.   Plaintiff herein alleges that the actions taken by employees of Defendant against Plaintiff occurred within the normal scope and course of these individual's employment with Defendant. Plaintiff further alleges that these employees were Plaintiff's supervisor(s) while Plaintiff was employed by Defendant.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6.   Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each

2

**COMPLAINT FOR DAMAGES**

1   named defendant with the California Department of Fair Employment and Housing

2   (hereinafter referred to as "DFEH") pursuant to §12900, et seq, of the California

3   Government Code, alleging the claims described in this complaint. In filing this

4   complaint, Plaintiff received a "right to sue letter" from the DFEH. This letter has been

5   served to all Defendants along with this complaint. Accordingly, all conditions precedent

6   to the institution of this lawsuit have been fulfilled.

7

8                            **BACKGROUND FACTS**

9        7.    Plaintiff has been an employee of Defendant since on or about 1998. He has

10  held several positions including outbound supervisor, inbound supervisor, and dispatch.

11  Plaintiff worked as an inbound supervisor for the past six (6) years. Over that time,

12  Plaintiff routinely reported to work each day between 3:30 and 5:00 A.M.

13       8.    On or about April, 2014, Plaintiff suffered a stroke.

14       9.    Following the stroke, Plaintiff took one week off of work via the Family

15  Medical Leave Act (hereinafter referred to as the "FMLA").

16       10.   In August, 2014, Plaintiff suffered a serious family tragedy which resulted

17  in significant stress.

18       11.   Following this incident, Plaintiff went on FMLA leave from work for

19  approximately two weeks.

50       12.   Upon returning from leave, Plaintiff received a letter stating that his

21  inbound bills per hour were not up to standards. Plaintiff lodged a formal complaint with

22  the human resources department stating that he felt the warning letter was retaliatory and

23  a result of his taking leave under the FMLA.

24       13.   Company human resources investigated the incident and determined that

25  the letter had not been retaliatory. Human resources then informed Plaintiff that he would

26  need to increase his hours. Plaintiff, while holding the exact same position of

27  employment, had previously arrived at work between 3:30 A.M. and 5:00 A.M. over the

28

3

**COMPLAINT FOR DAMAGES**

1    course of the last six (6) years. During this time, Plaintiff had not received a demand,

2    warning, or order by Defendants to arrive at an earlier time. Defendants now ordered

3    Plaintiff to arrive for his overnight shift beginning at 1:00 A.M. on Tuesday through

4    Friday and 11:00 P.M. on Sunday night. Plaintiff herein contends, based on evidence of

5    past performance, that Plaintiff was more than capable of performing all requisite job

6    responsibilities while arriving at work between 4:00 and 5:00 A.M.

7        14.    Plaintiff continued to work for approximately a month following these

8    events. During that time Plaintiff began to experience symptoms including headaches

9    synonymous with those felt in the hours leading up to his stroke.

10       15.    In October, 2014, Plaintiff saw a licensed physician and explained his

11   symptoms. Plaintiff was then placed on FMLA leave due to hypertension, anxiety, stress

12   and a fear that these symptoms could lead to another stroke.

13       16.    In December, 2014, with Plaintiff's FMLA set to expire, Plaintiff spoke

14   with his treating physician about whether he would recommend any work restrictions

15   upon his return to employment for Defendant. Plaintiff's physician stated that due to

16   Plaintiff's history of hypertension and stress (which if exacerbated could lead to another

17   stroke) Plaintiff was to start work no earlier than 4:00 A.M. and should not work more

18   than ten hours per day.

19       17.    Prior to his return date, Plaintiff communicated these restrictions to his

50   supervisor. Plaintiff stated that he was clear for all regular duties, and that these were the

21   only restrictions placed upon him. Plaintiff's supervisor responded by stating that

22   Plaintiff could not return to work if he could not begin his shift(s) at 1:00 A.M.

23       18.    On or about the day that Plaintiff was scheduled to return to work, he once

24   again spoke to his superior. He informed him that the restrictions were still in place. In

25   response, Plaintiff's superior terminated Plaintiff from his employment.

26       19.    At all points mentioned herein, Defendant's conduct was calculated,

27   malicious and performed with the express intention of harming Plaintiff.

28

4

**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**
**VIOLATION OF CAL. GOV. CODE § 12940(a)**
**AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE**

20.     Plaintiff hereby incorporates paragraphs 1-19 of this Complaint as though fully set forth herein.

21.     At all times relevant to this Complaint, Plaintiff was an employee of Defendant.

22.     Plaintiff suffered from physical disability(s) including but not limited to medically diagnosed hypertension, which qualifies as a disability under California Gov. Code § 12926 *et seq.*

23.     Defendant terminated Plaintiff.

24.     Plaintiff's disability was a motivating factor behind Defendant's decision to terminate him.

25.     Plaintiff was harmed in several forms including but not limited to lost wages, emotional pain and suffering and damage to his reputation within the industry.

26.     Defendant's termination of Plaintiff was a substantial factor in causing Plaintiff harm.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CAL. GOV. CODE § 12940(m)**
**AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE**

27.     Plaintiff hereby incorporates paragraphs 1-26 of this Complaint as though set forth fully herein.

28.     Plaintiff was an employee of Defendant.

29.     Plaintiff had a physical disability that required him to take leave under the FMLA. This disability made it unsafe for Plaintiff to work more than ten hours a day, it also made it difficult for him to sleep and thus he was instructed by his doctor not to report to work prior to 4:00 A.M. Plaintiff would have been able to perform all requisite job responsibilities while arriving for his shift at 4:00 A.M., as had been the accepted

5

**COMPLAINT FOR DAMAGES**

1   practice for the past six (6) years.

2       30.    Defendant knew about Plaintiff's physical disability as well as the

3   restrictions imposed upon him as stated above.

4       31.    Despite the availability of reasonable accommodations, Defendant failed to

5   provide reasonable accommodations for Plaintiff's physical disability by either adjusting

6   his work schedule or attempting to move Plaintiff to a similar position that met his

7   accommodations.

8       32.    Rather than provide reasonable accommodations, Defendant terminated

9   Plaintiff from his position. As a result of this termination Plaintiff suffered lost wages,

10   emotional pain and suffering, and damage to his reputation within the industry.

11       33.    Defendant's termination of Plaintiff was a substantial factor in causing

12   Plaintiff this harm.

13                      **THIRD CAUSE OF ACTION**
          **VIOLATION OF CAL. GOV. CODE § 12940(n)**

14        **AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE**

15

16       34.    Plaintiff hereby incorporates paragraphs 1-33 of this Complaint as though

17   fully set forth herein.

18       35.    Plaintiff was an employee of Defendant.

19       36.    Plaintiff had a physical disability that required him to take leave under the

50   FMLA. This disability made it unsafe for Plaintiff to work more than ten hours a day, it

21   also made it difficult for him to sleep and thus he was instructed by his doctor not to

22   report to work prior to 4:00 A.M.

23       37.    Defendant knew about Plaintiff's disability as well as the restrictions

24   imposed upon him as stated above.

25       38.    Plaintiff made a reasonable request to Defendant for simple

26   accommodations.

27       39.    Despite this knowledge, Defendant failed to engage in a timely, good faith,

28

6

---

**COMPLAINT FOR DAMAGES**

1   interactive process with the employee to determine reasonable accommodations for

2   Plaintiff.

3       40.     Defendant refused to engage in the interactive process, and instead chose to

4   terminate Plaintiff.   Had Defendant engaged in a timely good faith interactive process,

5   there were reasonable accommodations that would have accommodated Plaintiff's

6   disabilities and allowed him to continue to work for Defendant.

7       41.     Plaintiff suffered harm in the form of lost wages, emotional pain and

8   suffering and damage to his reputation within the industry.

9       42.     Defendant's termination of Plaintiff was a substantial factor in causing this

10   harm.

11                        **FOURTH CAUSE OF ACTION**
        **VIOLATION OF THE FAMILY MEDICAL LEAVE ACT § 104 *ET SEQ***
12               **AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE**

13

14      43.     Plaintiff hereby incorporates paragraphs 1-42 of this complaint as though

15   fully set forth herein.

16      44.     Plaintiff took leave from his employment with Defendant under § 102 *et*

17   *seq* of the FMLA.

18      45.     Upon returning from leave, Defendant failed to restore Plaintiff to the

19   position of employment held when leave was commenced and/or failed to restore Plaintiff

50   to an equivalent position with equivalent employment benefits, pay and other terms and

21   conditions of employment in violation of § 104 *et seq* of the FMLA.

22      46.     As a result of these acts, Defendant violated Plaintiff's rights pursuant to §

23   105 *et seq* of the FMLA.

24      47.     Rather than comply with FMLA reinstatement provisions, Defendant

25   terminated Plaintiff.

26      48.     As a result of this termination Plaintiff suffered lost wages, emotional pain

27   and suffering and damage to his reputation within the industry.

28

                                    7

                        **COMPLAINT FOR DAMAGES**

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT § 105 *ET SEQ*
### AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE

49.     Plaintiff hereby incorporates paragraphs 1-48 of this complaint as though fully set forth herein.

50.     Plaintiff was an employee of Defendant.

51.     Plaintiff took leave from work pursuant to the FMLA on three separate occasions in 2014.

52.     Following his return from the second FMLA leave, Plaintiff immediately received a warning letter regarding his performance.

53.     Plaintiff challenged this letter, claiming that it was retaliatory based on his taking FMLA leave.

54.     Defendant determined the letter was not retaliatory, and instead informed Plaintiff that they would be increasing his hourly requirements.

55.     Less than one month later, as a direct result of these increased hours, Plaintiff began to suffer symptoms similar to those suffered immediately prior to his stroke earlier in 2014.

56.     As a result of these symptoms, Plaintiff consulted with a physician who placed him on further FMLA leave.

57.     Upon returning from FMLA leave, Plaintiff was terminated.

58.     Plaintiff believes that his filing for FMLA leave on three separate occasions was a substantial and motivating factor behind Defendant's decision to terminate him in direct violation of FMLA § 105 *et seq*.

59.     Plaintiff suffered damages in the form of lost wages, emotional pain and suffering and damage to his reputation within the industry.

60.     Defendant's decision to terminate Plaintiff was a substantial factor in causing these damages.

8

**COMPLAINT FOR DAMAGES**

**SIXTH CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**AGAINST ALL DEFENDANTS AND DOES 1-50, INCLUSIVE**

61.     Plaintiff hereby incorporates paragraphs 1-60 of this complaint as though fully set forth herein.

62.     Plaintiff was an employee of Defendant.

63.     Defendant terminated Plaintiff's employment in violation of important and well established public policies, as well as Plaintiff's ability to exercise his rights under these policies, including reinstatement and anti-discrimination provisions set forth in the FMLA; as well as anti-discriminatory and accommodation provisions set forth in FEHA.

64.     As a result of being terminated Plaintiff suffered lost wages, emotional pain and suffering and loss to his reputation within the industry.

65.     Defendants conduct was a substantial factor in causing this harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against ALL DEFENDANTS AND DOES 1-50, INCLUSIVE:

1. General damages including but not limited to damages for emotional pain and suffering and loss of reputation in an amount to be proven at trial;

2. Special damages including but not limited to damages for lost wages in an amount to be proven at trial;

3. For exemplary and punitive damages in all applicable instances in an amount to be proven at trial;

4. For attorney's fees and costs under FEHA as well as all other applicable instances in an amount to be proven at trial;

5. For statutory penalties in all applicable instances;

6. For interest in all applicable instances;

9

**COMPLAINT FOR DAMAGES**

1    7. For all relief available under § 107 *et seq* of the FMLA;

2    8. For any other relief which the Court deems proper.

3

4  Dated: January 27, 2015

5

6                                    By: 

7                                         Matt Blum, Esq.
                                          The Law Office of Matt Blum
                                          Attorney for Plaintiff, Joel Cherry

8

9

10

11

12

13

14

15

16

17

18

19

50

21

22

23

24

25

26

27

28

10

**COMPLAINT FOR DAMAGES**

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matt Blum, Esq.
The Law Office of Matt Blum
550 West C Street, Suite 1850
San Diego, CA 92101
TELEPHONE NO.: 860-271-6273   FAX NO.: 619-238-1351
ATTORNEY FOR (Name): Joel Cherry, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central

CASE NAME:
Cherry v. G. I. Trucking Company

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/28/2015** at 08:00:00 AM

Clerk of the Superior Court
By Rhonda Babers, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2015-00003048-CU-WT-CTL |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Eddie C Sturgeon  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Six: Cal.Gov.Code 12940(a),(m), (n); FMLA section(s) 104,105, WTVPP
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/27/15
Matt Blum, Esq.
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A
Page 15

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:   330 West Broadway | |
| MAILING ADDRESS:   330 West Broadway | |
| CITY, STATE, & ZIP CODE:   San Diego, CA  92101-3827 | |
| BRANCH NAME:   Central | |

| PLAINTIFF(S):   Joel Cherry |
|---|

| DEFENDANT(S): G I Trucking Company DBA Estes West |
|---|

| SHORT TITLE:   JOEL CHERRY VS. G I TRUCKING COMPNAY [IMAGED] |
|---|

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2015-00003048-CU-WT-CTL |
|---|---|

Judge: Eddie C Sturgeon                                      Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)
- ☐ Other (specify e.g., private mini-trial, private judge, etc.): _____
  _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                          Date: _____

_____                                 _____
Name of Plaintiff                                        Name of Defendant

_____                                 _____
Signature                                                Signature

_____                                 _____
Name of Plaintiff's Attorney                             Name of Defendant's Attorney

_____                                 _____
Signature                                                Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  01/28/2015                          _____
                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)       **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**       Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2015-00003048-CU-WT-CTL   CASE TITLE:
Joel Cherry vs. G I Trucking Compnay [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
      **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
      **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
      **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not |
| • Saves money |   resolve the dispute |
| • Gives parties more control over the dispute | • Procedures to learn about the other side's case (discovery), |
|   resolution process and outcome |   jury trial, appeal, and other court protections may be limited |
| • Preserves or improves relationships |   or unavailable |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

PLAINTIFF(S) / PETITIONER(S):   Joel Cherry

DEFENDANT(S) / RESPONDENT(S):   G I Trucking Company

JOEL CHERRY VS. G I TRUCKING COMPNAY [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2015-00003048-CU-WT-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:   Eddie C Sturgeon                     Department: C-67

**COMPLAINT/PETITION FILED:** 01/28/2015

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/31/2015 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

---

SDSC CIV-721 (Rev. 08-12)

**NOTICE OF CASE ASSIGNMENT**

Page: 1



Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
ACTING DIRECTOR ANNMARIE BILLOTTI

January 28, 2015

Joel Cherry
8701 Carlton Oaks Drive
Santee California 92071

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 468750-144002
Right to Sue: Cherry / G. I. Trucking Company DBA Estes West

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

ACTING DIRECTOR ANNMARIE BILLOTTI

January 28, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 468750-144002
Right to Sue: Cherry / G. I. Trucking Company DBA Estes West

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
ACTING DIRECTOR ANNMARIE BILLOTTI

January 28, 2015

Joel Cherry
8701 Carlton Oaks Drive
Santee California 92071

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 468750-144002
Right to Sue: Cherry / G. I. Trucking Company DBA Estes West

Dear Joel Cherry,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective January 28, 2015 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2216 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

ACTING DIRECTOR ANNMARIE BILLOTTI

Enclosures

cc:

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2

**BEFORE THE STATE OF CALIFORNIA**

3

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

4

**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

5

6

In the Matter of the Complaint of                         DFEH No. 468750-144002

7

Joel Cherry, Complainant.

8701 Carlton Oaks Drive

8

Santee California 92071

9

vs.

10

G. I. Trucking Company DBA Estes West

11

Respondent.

120 Press Lane

12

Chula Vista,  California 91910

13

14

15

Complainant alleges:

16

1. Respondent **G. I. Trucking Company DBA Estes West** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

17

18

2. On or around **December 15, 2014,** complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Denied reinstatement, Terminated,** .   Complainant believes respondent committed these actions because of their: **Disability, Family Care or Medical Leave** .

19

20

21

3. Complainant **Joel Cherry** resides in the City of **Santee,** State of **California.**  If complaint includes co-respondents please see below.

22

-5-
*Complaint – DFEH No. 468750-144002*

Date Filed: January 28, 2015

1
2      **Additional Complaint Details:**
3
4      Plaintiff went on leave under the FMLA due to a physical disability. At the time his leave
       expired, Plaintiff was given restrictions by his physician wherein he was not to work
5      more than ten hours a day and was not to report to work prior to 4:00 A.M. When his
       leave expired Plaintiff communicated these reasonable restrictions to his supervisor.
6      Plaintiffs employer then immediately terminated Plaintiff. In doing so, Plaintiffs employer
       failed to engage in the interactive process, denied reasonable accommodation, and
7      unlawfully terminated Plaintiff based on his disability. Plaintiff also alleges that his
       termination was retaliatory based on his taking leave under the FMLA.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

DFEH 003-1
                                        -6-
                            *Complaint – DFEH No. 468750-144002*
       Date Filed: January 28, 2015

## VERIFICATION

1

2   I, **Matt Blum, Esq.**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

3

4   On January 28, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5                                                                                                    **San Diego, CA**

6                                                                                                    **Matt Blum, Esq.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1                                                       -7-
                                              *Complaint – DFEH No. 468750-144002*
               Date Filed: January 28, 2015